In re Albert David **TRAHAN** and
Barbara Jean Trahan,
Debtors.

Myron N. Terlecky, Chapter
7 Trustee, Plaintiff,

v.

Crevecor Mortgage, Inc.,
et al., Defendants.

Bankruptcy No. 09–51793.
Adversary No. 09–2453.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division at Columbus.

March 24, 2011.

James A. Coutinho, for Plaintiff, Myron N. Terlecky.

Amelia A. Bower, Columbus, OH, for Defendant, Crevecor Mortgage Inc.

Stephen D. Miles and Vincent A. Lewis, Dayton, OH, for Defendant, HSBC Mortgage Services, Inc.

## MEMORANDUM OPINION AND ORDER (A) DENYING MOTION OF CREVECOR MORTGAGE, INC. TO CERTIFY QUESTION AND (B) GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

### I. Introduction

In this adversary proceeding, a Chapter 7 trustee once again seeks to avoid a mortgage under 11 U.S.C. § 544(a)(3) based on a certificate of acknowledgment that omits the identity of the persons who purportedly acknowledged their signatures on the mortgage.[1] Such a certificate of acknowledgment is commonly known as a "blank acknowledgment." Here, the trustee, Myron N. Terlecky ("Trustee"), seeks to avoid a mortgage ("Mortgage") that Albert David Trahan and Barbara Jean Trahan ("Debtors") granted Crevecor Mortgage, Inc. ("Crevecor") on their real property located at 2658 Melane Avenue, Grove City, Ohio 43213 ("Property"). The Mortgage was later assigned to defendant HSBC Mortgage Services, Inc. ("HSBC"), but the assignment was not recorded. The certificate of acknowledgment on the Mortgage did not identify the Debtors as having acknowledged the signing of the Mortgage and thus was a blank acknowledgment. The certificate of acknowledgment that the Court found to be defective in its opinion entered in Rhiel v. Huntington Nat'l Bank (In re Phalen), 445 B.R. 830 (Bankr.S.D.Ohio 2011), also was blank and was governed by the same applicable Ohio law. In Phalen, the Court granted summary judgment in favor of the Chapter 7 trustee on her requests to avoid a mortgage under § 544(a)(3) and preserve the lien represented by that mortgage for the benefit of the debtor's estate under § 551. See Phalen, 2011 WL 811161, at *29. Before explaining why that must also be the outcome here, the Court will address Crevecor's motion to certify a question to the Ohio Supreme Court ("Certification Motion") (Doc. 30).

### II. Certification Motion

By the Certification Motion, Crevecor seeks to certify to the Ohio Supreme Court

---

1. The Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. The adversary proceeding is a core proceeding. See 28 U.S.C. § 157(b)(2)(K).

a question that bears on the right of the Trustee to avoid the Mortgage: Did Ohio's version of the Uniform Recognition of Acknowledgments Act, Ohio Revised Code §§ 147.51 through 147.58 ("URAA"), supersede *Smith's Lessee v. Hunt,* 13 Ohio 260 (1844)? *See* Certification Motion at 1. The Court will refer to this question as the "*Smith's Lessee* Question."

As an initial matter, the Court notes that, on March 31, 2010, it entered an order ("Default Order") (Doc. 21) granting the Trustee's motion for default judgment against Crevecor, stating in part that "the Mortgage held by Crevecor is hereby avoided pursuant to 11 U.S.C. § 544(a)(3)[.]" Default Order at 2. To the extent that Crevecor continued to have any interest in the Property after the Mortgage was assigned to HSBC, that interest was avoided by the Default Order. Crevecor did not seek relief from the Default Order from this Court and did not appeal it. Even if the *Smith's Lessee* Question were certified to the Ohio Supreme Court and that court were to answer the question in Crevecor's favor, the answer would not nullify the Default Order. Accordingly, it is doubtful that Crevecor has standing to seek certification of the *Smith's Lessee* Question.[2]

■ In any event, the Court finds that certification of the *Smith's Lessee* Question is not warranted. Pursuant to Section 18 of the Rules of Practice of the Supreme Court of Ohio, a federal court may certify a question when "there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court." S.Ct. Prac. R. 18.1 (2011). Although it is true that the *Smith's Lessee* Question might have been

determinative of Crevecor's rights with respect to this adversary proceeding, and although it also is true that there is no controlling precedent from the Ohio Supreme Court answering this precise question, *see Phalen,* 2011 WL 811161, at *11, the Court still has the discretion not to certify the question. *See Drown v. Wells Fargo Bank, NA,* No. 2:10–cv–00272, 2010 WL 4939963, at *1 (S.D.Ohio Nov.30, 2010) ("[W]hen a question is genuinely unsettled under Ohio law and is properly certifiable under Rule XVIII, certification by the [federal] court is not mandatory.").

There is not a single basis on which federal courts have certified questions to state courts that warrants certification here. "Federal courts have certified questions of state law ... in cases involving conflicting federal interpretations as to an important state law question that would otherwise evade state court review." *Id.* at *2. But there are no conflicting federal interpretations regarding the *Smith's Lessee* Question. In *Phalen,* this Court rejected the argument that the URAA superseded *Smith's Lessee, see Phalen,* 2011 WL 811161, at *11–13, as did Judge Humphrey in *Noland v. Burns (In re Burns),* 435 B.R. 503, 510 (Bankr.S.D.Ohio 2010) and Judge Preston in *Hardesty v. U.S. Bank, NA (In re Schmidt),* No. 09–2462, Doc. 28 (Bankr.S.D.Ohio Mar. 10, 2011). Moreover, the question will not necessarily otherwise evade review by Ohio courts. Indeed, as Crevecor concedes, *see* Certification Motion at 1, an Ohio court of appeals has rejected the argument that the URAA superseded *Smith's Lessee. See Fifth Third Bank v. Farrell,* No. 09 CAE 11 0095, 2010 WL 3852223, at *4–6 (Ohio Ct.App. Sept.28, 2010). Such decisions by Ohio's lower appellate courts are subject to

---

**2.** The attorney for HSBC also represents Crevecor. The Certification Motion, however, was filed only on behalf of Crevecor.

appellate review by the Ohio Supreme Court if one of the parties appeals.

In deciding *Phalen*, the Court carefully reviewed and analyzed relevant precedent from Ohio and made the effort to resolve the *Smith's Lessee* Question in the manner that it believes the Ohio Supreme Court would if presented with the question. As explained in *Phalen* and summarized below in connection with the Court's ruling on the Trustee's motion for summary judgment, this Court and other federal courts in this circuit have consistently rejected arguments that are substantially similar to certain of the arguments made by Crevecor in the Certification Motion and by HSBC in its opposition to summary judgment.

In addition, Crevecor offers several new arguments in support of its contention that the URAA does not require the identification of the person acknowledging his or her signature in a certificate of acknowledgment. Citing Judge Preston's decision in *Roberts*,[3] Crevecor contends that using the phrase "acknowledged before me" effectively identifies the person acknowledging his or her signature because it "meets the 'irresistible inference' test" of *Brown v. Farran*, 3 Ohio 140 (1827) and also relies on the principle that "public officers are presumed to have acted properly." Certification Motion at 4. Crevecor also notes that Ohio Revised Code § 147.541, which is the Ohio statutory provision that defines the phrase "acknowledged before me," was enacted in 1975 and became effective on June 13, 1975, while Ohio Revised Code § 147.53 (providing that the "person taking an acknowledgment shall certify that ... [t]he person acknowledging appeared before him and

acknowledged he executed the instrument [and] [t]he person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument") was enacted in 1973 and became effective on January 1, 1974. *See id.* at 8, 10–11. Crevecor contends that, because § 147.541 was enacted after § 147.53, the later statutory provision "refines" the first and makes clear that the phrase "acknowledged before me" alone is sufficient. *Id.* at 8. In *Schmidt*, Judge Preston rejected each of these arguments now being made by Crevecor here and, for the reasons set forth in her order, *see* Doc. 28 in Case No. 09–2462, this Court does as well.

■ "Certification is ... inappropriate when a [federal] court ... believes that it can resolve an issue of state law with available research materials already at hand, and makes the effort to do so." *Drown*, 2010 WL 4939963, at *2 (internal quotation marks omitted). The Court has made such an effort here and in *Phalen*. Thus, certification of the *Smith's Lessee* Question would not serve "judicial and economic efficiency[.]" *Id.* For this reason and the others discussed above, the Court declines to certify the *Smith's Lessee* Question to the Ohio Supreme Court. The Certification Motion, therefore, is denied.

### III. Summary Judgment Motion

■ Having decided the certification issue, the Court will consider the arguments made in connection with the motion for summary judgment filed by the Trustee ("Trustee's Motion") (Doc. 24).[4] In re-

---

**3.** *See Hardesty v. Citifinancial, Inc. (In re Roberts)*, 402 B.R. 808, 813–14 (Bankr.S.D.Ohio), *aff'd*, 419 B.R. 20 (6th Cir. BAP 2009), *aff'd*,

No. 09–4448, 2011 WL 693235 (6th Cir. Mar.1, 2011).

**4.** Under Federal Rule of Civil Procedure 56 ("Civil Rule 56"), made applicable in this

sponse to the Trustee's request to avoid the Mortgage based on the blank acknowledgment, HSBC filed a memorandum in opposition ("Opp'n Br.") (Doc. 26) in which it asserts many of the same arguments made by the lender in *Phalen.* First, HSBC contends that the certificate of acknowledgment is sufficient (1) because it includes the phrase "acknowledged before me," (2) because it substantially complies with Ohio law and (3) because there are no mandatory forms for taking acknowledgments. *See* Opp'n Br. at 3, 5 & 9. Second, as Crevecor does in the Certification Motion, HSBC argues that *Smith's Lessee* "is no longer precedent for the conclusion that blank acknowledgments are fatal." *Id.* at 9. Third, HSBC contends that, even if the certificate of acknowledgment is defective and the mortgage improperly executed, such defective execution would not matter because Ohio Revised Code § 5301.25(A)—which makes defectively executed instruments for the conveyance or encumbrance of real estate ineffective against subsequent bona fide purchasers—does not ap-

ply to mortgages. *See id.* at 3. The Court rejected each of those arguments in *Phalen* and does so here as well.

HSBC makes two arguments in this adversary proceeding that the defendant did not assert in *Phalen.* HSBC argues that "[d]ate and venue issues have been found not [to] be material [in Ohio]." *Id.* at 7. Assuming for the sake of this order only that the argument is accurate, no date or venue issues have been raised by the Trustee, and even if they had been, those issues would have absolutely no bearing on the question of whether a certificate of acknowledgment that omits the identity of the person doing the acknowledging is defective. As explained in *Phalen,* the identity of the person who is acknowledging his or her signature is required. Citing *Baldwin v. Snowden,* 11 Ohio St. 203 (1860), HSBC also contends that "Ohio subscribes to the proposition that a certificate of acknowledgment is presumed to be valid, absent fraud." Opp'n Br. at 7. In *Baldwin,* the Ohio Supreme Court held that a

adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Ricci v. DeStefano,* —— U.S. ——, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (internal quotation marks omitted). "A dispute is 'genuine' only if based on evidence upon which a reasonable [finder of fact] could return a [judgment] in favor of the non-moving party." *Gallagher v. C.H. Robinson Worldwide, Inc.,* 567 F.3d 263, 270 (6th Cir.2009). And a "factual dispute concerns a 'material' fact only if its resolution might affect the outcome of the suit under the governing substantive law." *Id.* Pursuant to an amendment to Civil Rule 56 that became effective on December 1, 2010 (after this adversary proceeding was commenced), the summary judgment stan-

dard now appears in Civil Rule 56(a) rather than, as it formerly did, Civil Rule 56(c). *See* Fed.R.Civ.P. 56(a) advisory committee's note (2010 Amendments) ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c)...."). The Court is citing the amended rule given that application of "the amended version of [Civil] Rule 56 in this case is just and practicable and would not work a manifest injustice, because the amendments do not change the summary judgment standard or burdens." *Farmers Ins. Exch. v. RNK, Inc.,* 632 F.3d 777, 788 n. 4 (1st Cir.2011); *see also Martinez v. Hutton (In re Harwell),* 628 F.3d 1312, 1317 n. 4 (11th Cir.2010) ("Amendments to the Federal Rules of Civil Procedure govern proceedings after the date they are effective in an action then pending unless the Supreme Court specifies otherwise or the court determines that applying them in a particular action would be infeasible or work an injustice. Fed.R.Civ.P. 86(a). We apply the language of [Civil] Rule 56 as amended.").

certificate of the acknowledgment is, in the absence of fraud, conclusive evidence of the facts stated in the certificate. *See Baldwin,* 11 Ohio St. at 212. But a blank acknowledgment omits, rather than states, the identity of the person doing the acknowledging. *Baldwin,* therefore, provides no support for HSBC's position.

For the reasons stated above and in *Phalen,* the Court grants summary judgment on Count II of the Amended Complaint (Doc. 16) seeking to avoid the Mortgage under § 544(a)(3) and on Count III of the Amended Complaint seeking to preserve the lien represented by that mortgage for the benefit of the Debtors' estates under § 551.

■■ In Count I of the Amended Complaint, the Trustee seeks a declaratory judgment "that HSBC is not the record holder of the Mortgage, that the un-recorded [a]ssignment does not provide notice to the Trustee as to any interest of HSBC, and that HSBC is not entitled to any distribution related to the mortgage due to its failure to record the [a]ssignment[.]" Amended Compl. at 6. The central issue in this adversary is whether the Trustee is entitled to avoid the Mortgage based on the blank acknowledgment. The Court has concluded that the Trustee may avoid the Mortgage on that basis. As a result, the Trustee's argument that HSBC's failure to record its assignment constitutes an independent basis to avoid the Mortgage, *see* Trustee's Motion at 7–8, is of no practical significance and therefore is moot. *See Finstad v. Florida, Dep't of Bus. & Prof'l Regulation,* 295 Fed.Appx. 352, 353 (11th Cir.2008) ("A complaint becomes moot when it no longer presents a 'live' controversy or a ruling on the issues would have no practical significance."), *cert. denied,* —— U.S. ——, 130 S.Ct. 145, 175 L.Ed.2d 36 (2009). Furthermore, the issue of whether HSBC's failure to record

the assignment means that it is not entitled to any distribution related to the Mortgage also is moot because the Trustee has requested that "upon the avoidance of the Mortgage, this Court reclassify any and all claims of Crevecor or HSBC as to the Real Estate as unsecured." Trustee's Motion at 14. *See also id.* at 16 (requesting that the Court "[r]eclassify[ ] as unsecured any claims of HSBC as to the Real Estate"). The Court accordingly denies summary judgment on Count I of the Amended Complaint on the basis of mootness.

■ In Count IV of the Amended Complaint, the Trustee originally sought disallowance in full of any proof of claim filed on account of the Mortgage. In the Trustee's Motion, however, he requests the reclassification of any such claims as unsecured. *See* Trustee's Motion at 14–15. In light of the avoidance of the Mortgage, reclassification of those claims is appropriate. *See Terlecky v. Chase Home Fin., LLC (In re Sauer),* 417 B.R. 523, 530 (Bankr.S.D.Ohio 2009) ("[T]he Trustee provides no basis for disallowing any claim held by [the lender]. Rather, he asserts a basis for avoiding the Mortgage and, if he is successful, reclassifying [the lender's] claim as unsecured."). Summary judgment on the Trustee's request to reclassify HSBC's claims on account of the avoidance of the Mortgage as unsecured, nonpriority claims is therefore appropriate.

## IV. Conclusion

For the foregoing reasons, the Certification Motion is **DENIED,** and the Trustee's Motion is **GRANTED** in part and **DENIED** it in part. Summary judgment on Count I of the Amended Complaint is **DENIED** on the basis of mootness. The Court **GRANTS** summary judgment on Count II seeking to avoid the Mortgage under § 544(a)(3) and on Count III seek-

ing to preserve the lien represented by that mortgage for the benefit of the Debtors' estates under § 551. Summary judgment on the Trustee's request in Count IV to reclassify HSBC's claims on account of the avoidance of the Mortgage as unsecured, nonpriority claims is **GRANTED.** The Court will enter a separate judgment entry in accordance with this order.

**IT IS SO ORDERED.**