[Cite as *Regions Bank v. Seimer*, 2014-Ohio-95.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Regions Bank successor by merger with Regions Mortgage, Inc., | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-542 |
| v. | | (C.P.C. No. 10CVE-10-14638) |
| | : | |
| Phillip M. Seimer aka Phillip Mark Seimer and Jan R. Seimer aka Jan Rae Seimer et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on January 14, 2014

*Lerner, Sampson & Rothfuss*, and *Stacy L. Hart*, for appellee.

*Doucet & Associates, Inc.*, and *Troy J. Doucet*, for appellants.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendants-appellants, Phillip M. Seimer and Jan R. Seimer ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Regions Bank. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 14, 2003, appellants executed a promissory note for $245,000 ("Note") in favor of Regions Bank, and a first mortgage ("Mortgage") on real property located at 1980 Robroy Lane, Galloway, Ohio, as security for the borrowed sum. In June

2007, the parties entered into a loan modification agreement, supplementing and amending the terms of the Note.  Approximately two years into the term, appellants defaulted.

{¶ 3}   According to Regions Bank, appellants were timely notified in writing of the default status and provided with an opportunity to cure.  When appellants failed to cure, Regions Bank commenced a foreclosure action in the Franklin County Court of Common Pleas on October 6, 2010.  The trial court referred the parties to mediation, which was unsuccessful.

{¶ 4}   On August 24, 2011, Regions Bank filed an amended complaint. On September 9, 2011, appellants filed an amended answer setting forth 23 separate defenses and a counterclaim alleging violations of the Home Affordable Modification Program ("HAMP"), the Fair Debt Collections Practices Act, the Consumer Sales Practices Act, and a claim of negligence.

{¶ 5}   On March 8, 2012, Regions Bank filed a motion for summary judgment as to its claims for relief under the mortgage and the claims asserted in the counterclaim.  Appellants moved the court, pursuant to Civ.R. 56(F), for a continuance in order to conduct further discovery.  Following a hearing, the trial court ordered Regions Bank to designate a representative for deposition, pursuant to Civ.R. 30(B)(5), and to provide appellants with certain documents related to appellants' HAMP application.

{¶ 6}   On January 18, 2013, appellants filed a combined memorandum in opposition to Region Bank's motion for summary judgment and motion for leave to file their own motion for summary judgment instanter.  Appellants subsequently moved the court to dismiss the complaint as a sanction for Regions Bank's alleged failure to comply with the court order regarding discovery.

{¶ 7}   The trial court, on May 8, 2013, issued a decision and judgment entry granting summary judgment in favor of Regions Bank as to both the complaint and the counterclaim, and denying appellants' motion to dismiss; the trial court granted appellants' motion for leave to file a motion for summary judgment instanter but denied

the motion for summary judgment.[1]  The trial court issued a decree of foreclosure on June 3, 2013.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}  Appellants appeals from the judgment of the Franklin County Court of Common Pleas assigning the following as error:

> I.  The trial court erred when it entered summary judgment in Regions Bank's favor on its claims.
>
> II. The trial court abused its discretion when it failed to sanction Regions Bank for its failure to comply with the trial court's December 20, 2012 discovery order.

## III. SUMMARY JUDGMENT

### A. Standard of Review

{¶ 9}  Appellate review of summary judgment motions is de novo.  *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997).  "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."  *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).

{¶ 10} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 11} Civ.R. 56(E) states that when a motion for summary judgment is properly made and supported by a party seeking affirmative relief, the non-moving party may not rest upon the mere denials of the pleadings.  *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 11.  Instead, the burden shifts to the defending party to set

---

[1] The trial court did not enter a personal judgment against appellants on the Note because of the pending Chapter 7 bankruptcy proceedings commenced by appellants in case No. 10-58481, United States Bankruptcy Court, Southern District of Ohio, Eastern Division.

forth specific facts showing that there is a genuine issue for trial. *Id.* If the defending party does not so respond, summary judgment, if appropriate, may be entered in favor of the party seeking affirmative relief. *Id.* There is no requirement that a moving party "negate the nonmoving party's every possible defense to its motion for summary judgment." *Id.* at ¶ 14.

### B. Legal Analysis

{¶ 12} In appellants' first assignment of error, appellants argue that the trial court erred by granting summary judgment in favor of Regions Bank where genuine issues of material fact exist and Regions Bank is not entitled to judgment as a matter of law. Appellants make three arguments in support of their first assignment of error: (1) Regions Bank failed to present sufficient evidence that it provided appellants with written notice of default and acceleration of payment as required by the Note and Mortgage, (2) appellants' signatures upon the mortgage are not properly notarized in accordance with R.C. 147.51, and (3) Regions Bank failed to produce sufficient evidence to establish the amount due and owing under the Note.

{¶ 13} Appellants first contend that an issue of fact exists whether Regions Bank sent them written notice of default and acceleration as required by the Note and Mortgage. Paragraph 6(C) of the Note reads:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(R. 3, exhibit A.)

{¶ 14} The mortgage contains a similar provision which states that "[l]ender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." (R. 3, exhibit B.)

{¶ 15} The Note further provides at paragraph 7:

> Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by

> delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

(R. 3, exhibit A.)

{¶ 16} Paragraph 15 of the mortgage requires that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail * * * [to] the Property Address unless Borrower has designated a substitute notice address."  (R. 3, exhibit B.)

{¶ 17} In connection with its motion for summary judgment, Regions Bank submitted two affidavits of Deborah L. Fey, Vice President of Regions Mortgage.  In her December 21, 2011 affidavit, Fey avers, in relevant part, as follows:

> 2. Affiant's position is <u>VP</u> of Regions Mortgage, duly authorized mortgage loan servicing agent of Plaintiff, Region Bank successor by merger with Regions Mortgage, Inc. ("Plaintiff"), and I am a custodian of business records in this employment position. As a servicing agent for Plaintiff, Regions Mortgage is responsible for collecting, monitoring and reporting loan payments, remitting payments, and foreclosing defaulted loans.
>
> 3. Regions Mortgage is the mortgage loan servicing agent for the mortgage loan that is the subject of this lawsuit.
>
> 4. The averments provided in this Affidavit are within the scope of my employment duties for Regions Mortgage, as serving agent of Plaintiff.
>
> 5. I am familiar with the operation of the business and the circumstances of the preparation, maintenance, and retrieval of records.
>
> 6. In my job position, I have custody and personal knowledge of the mortgage loan account records maintained by Plaintiff and Regions Mortgage, as servicing agent for Plaintiff, and in particular, including the records and account of Phillip M. Seimer aka Phillip Mark Seimer and Jan R. Seimer aka Jan Rae Seimer ("Defendants").

7. These mortgage loan account records are compiled at or near the time of occurence of each event affecting the account by persons with knowledge of said events.

(R. 134.)    There is no dispute that the letter provides proper notice of default and acceleration as specified in the Note and the Mortgage.

{¶ 18} Fey's affidavit of February 28, 2013 reads in relevant part:

23. Plaintiff tracks the creation and mailing of correspondence, including demand letters, in a record-keeping system called the "PL05 Letter Log" ("Letter Log"). Attached hereto as Exhibit "F" is a true and correct copy of the Letter Log as it appears in Plaintiff's and Regions Mortgage, as servicing agent for Plaintiff's files.

24. Exhibit "F" was created in the regularly conducted course of business.

25. Exhibit "F" was, and is kept, maintained and relied upon in the course of ordinary and regularly conducted business activity.

26. The notations on the top of the Demand letter correspond with the contents of the Letter Log, specifically the Letter Date (October 6, 2009), Letter Area ("CD"), Letter Number ("0014") and Version ("50"), evidencing that the Demand Letter was mailed to Defendants by first class U.S. mail at the address listed on the letter on the date of the letter. See Exs. "E" and "F".

(R. 204.)

{¶ 19} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present 'evidentiary quality materials' establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due." *Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 17, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶ 10, citing *Wachovia Bank v. Jackson*, 5th Dist. No. 2010 CA 00291, 2011-Ohio-3203, ¶ 40-45.  Several appellate courts have found that, in a

foreclosure action, the affidavit of a loan servicing agent employee with personal knowledge, provides sufficient evidentiary support for a summary judgment in favor of the mortgagee. *See, e.g., Deutsche Bank Natl. Trust Co. v. Germano,* 11th Dist. No. 2012-P-0024, 2012-Ohio-5833 (affidavit executed by employee of loan servicing agent for bank established that written notice of default was sent to borrower in accordance with the terms of the note and mortgage); *JP Morgan Chase Bank, NA v. Ackerman,* 2d Dist No. 13CA172012, 2013-Ohio-5010 (summary judgment affirmed where affidavit from the vice president of loan documentation for the bank's servicing agent contained all the averments necessary to support the bank's motion, including the averment that borrowers were in default under the terms of the note and mortgage); *Adams* (affidavit of default litigation specialist for bank's servicing agent established that bank was the holder and owner of the note and mortgage); *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist No. 91802, 2010-Ohio-236 (affidavit of litigation liaison for bank's servicing agent, submitted in support of bank's motion for summary judgment, established interest due on the note and borrowers' default); *New York v. Dobbs,* 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742 (affidavit of loan servicing agent was sufficient to authenticate documents offered in support of bank's motion for summary judgment).

{¶ 20} Here, the affidavits submitted by Regions Bank in support of its motion for summary judgment show that no issues of fact exist as to any of the elements of its claim, including the fact that Regions Bank sent the required notice of default and acceleration to appellants in accordance with the Note and Mortgage. Indeed, Regions Bank presented evidence in the form of a properly authenticated "letter log" proving that, on October 6, 2009, it sent a written notice of default and acceleration to appellants by first class mail at the property address.

{¶ 21} The only support for appellants' contention that Regions Bank did not send the required notice is the affidavit of appellant, Phillip M. Seimer, wherein he avers: "I do not recall receiving a copy of the letter, dated October 6, 2009, that Plaintiff attached to its Affidavit in Support of Summary Judgment as Exhibit F." (Feb. 22, 2013 affidavit, ¶ 8.) Siemer's affidavit, standing alone, does not permit the inference that Regions Bank failed to send proper notice. At best, the affidavit creates a genuine factual issue whether

appellants received the notice sent by Regions Bank; a factual issue that is not material to any claim or defense to Regions Bank's action upon the Note and Mortgage. *See Wells Fargo Bank, N.A. v. Walker,* 10th Dist. No. 09AP-947, 2010-Ohio-3698, ¶ 9. (Co-borrower's averment that borrowers did not receive bank's notice of default is irrelevant where the loan documents permit notice to be given by first class mail and bank submitted an affidavit proving that notice was mailed to borrowers).

{¶ 22} Based upon the foregoing, the only reasonable conclusion to be drawn from the evidence is that Regions Bank provided the required notice of default and acceleration to appellants. Accordingly, appellants' first argument in opposition to summary judgment is without merit.

{¶ 23} Appellants next contend that summary judgment was inappropriate because the notary certificate acknowledging appellants' execution of the Mortgage contained a defect which prevented legal recordation. Appellants make no argument that their genuine signatures are not upon the Mortgage. Rather, they contend that the language used in the certificate of acknowledgment is legally defective. The mortgage document provides, in relevant part, as follows:

> STATE OF OHIO, FRANKLIN County ss:
>
> On this 14th day of Feb. 2003, before me, a Notary Public in and for said County and State, personally appeared PHILLIP M. SEIMER AND JAN R. SEIMER (HUSBAND AND WIFE.) [T]he individuals(s) who executed the foregoing instrument and acknowledged that he/she/they did examine and read the same and did sign the foregoing instrument, and that the same is his/her/their free act and deed.
> IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

(R. 3.)

{¶ 24} The requirements for the execution of a mortgage are set out in R.C. 5301.01(A), in relevant part, as follows:

> A * * * mortgage * * * shall be signed by the * * * mortgagor * * *. The signing shall be acknowledged by the * * * mortgagor * * * before a * * * notary public, * * * who shall

> certify the acknowledgement and subscribe the official's name
> to the certificate of the acknowledgement.

{¶ 25} Pursuant to R.C. 147.54, "[t]he form of a certificate of acknowledgment used by a person whose authority is recognized under section 147.51 of the Revised Code shall be accepted in this state if: * * * [t]he certificate contains the words 'acknowledged before me,' or their substantial equivalent." The trial court concluded that the acknowledgment in this case is the substantial equivalent of the statutory form. We agree.

{¶ 26} Although appellants rely upon several bankruptcy court decisions in support of their contention that a certification defect is fatal to the validity of a mortgage, we find those cases to be distinguishable upon their facts. For example, courts have held that a certificate is fatally flawed where it omits the name of one or more of the borrowers and uses the phrase "witness my hand" rather than "acknowledged before me." *In re Wahl*, 407 B.R. 883 (Bankr.S.D.Ohio 2009); *In re Nolan*, 383 B.R. 391 (6th Cir.BAP 2008). Similarly, a certificate that omits the names of all of the borrowers does not satisfy statutory requirements. *In re Trahan*, 444 B.R. 865 (Bankr.S.D.Ohio 2011); *In re Phalen*, 445 B.R. 830 (Bankr.S.D.Ohio 2011).

{¶ 27} In this instance, the certificate shows that all borrowers appeared before the notary and "acknowledged" that they had both read and voluntarily signed the mortgage in his presence. The correct names of all borrowers are hand-printed in the text of the certificate, just below the signature line. In fact, the only alleged defect in this case is that the word "acknowledged" does not precede the words "before me." We find this to be a relatively minor defect under the circumstances. The words "acknowledged before me" means that: "The person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate." R.C. 147.541(D). Here, the fact that the notary obtained satisfactory proof of the identity of the borrowers prior to the execution of the document is implied from the language "appeared before me," followed by the hand-printed names of the borrowers. *See* R.C. 147.541(D). Thus, the trial court did not err when it concluded that the notary certificate was legally sufficient. Appellants' second argument in opposition to summary judgment is without merit.

{¶ 28} Appellants' final contention is that there are issues of fact regarding the total amount owed by appellants and that Regions Bank is not entitled to judgment as a matter of law. As the trial court ably noted, the total sum due and owing upon the Note in a foreclosure action is not determined until the property is sold and the proceeds are distributed pursuant to a judgment entry confirming sale. *Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co.*, 2d Dist. No. 24843, 2012-Ohio-3387, ¶ 18. Accordingly, to the extent that appellants' argument speaks to the total amount due upon the Note, the argument is without merit.

{¶ 29} With respect to the issue of late charges and the other fees associated with appellants' default, including appraisal fees, "statutory charges," foreclosure and bankruptcy fees, and attorney fees, the trial court concluded that the mortgage documents authorize the imposition of such fees and that Regions Bank presented evidence as to the amount claimed. Appellants did not present any evidence to refute the proof offered by Regions Bank. The fact that a servicing agent employee testified at her deposition that she was not currently able to substantiate the various charges is of little consequence inasmuch Regions Bank presented some evidence in support of the charged fees and appellants presented nothing in response.

{¶ 30} Appellants also claim that Regions Bank breached an implied covenant of good faith and fair dealing by charging fees. The basis of this claim is that Regions Bank took opportunistic advantage of appellants in a way that could not have been contemplated at the time the Note and Mortgage were executed. *See Ed Schory & Sons, Inc. v. Soc. Natl. Bank,* 75 Ohio St.3d 433, 444 (1996). However, given the fact that appellants were subject to late fees under the terms of the original Note and Mortgage, appellants must have been aware, at the time they executed the loan modification agreement, that late fees would be applied to late payments. Similarly, it is inconceivable that appellants did not anticipate that Regions Bank would hold them responsible for any extraordinary expenses incurred as a direct result of their default.

{¶ 31} Moreover, as noted earlier in this decision, appellants are no longer subject to liability for such fees inasmuch as the trial court rendered no personal judgment

against them on the Note.  In short, appellants' final argument in opposition to summary judgment is without merit, and appellants' first assignment of error is overruled.

## IV. DISCOVERY SANCTION

### A. Standard of Review

{¶ 32} In appellants' second assignment of error, appellants contend that the trial erred when it failed to sanction Regions Bank for violations of the court's December 20, 2012 discovery order. In this regard, a trial court has broad discretion when imposing discovery sanctions.  *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 41.  Accordingly, "[a] reviewing court shall review these rulings only for an abuse of discretion."  *Id.*  "An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong."  *Id.* at ¶ 44, citing *Pembaur v. Leis,* 1 Ohio St.3d 89 (1982); *In re Ghali*, 83 Ohio App.3d 460, 466 (10th Dist.1992).

### B. Legal Analysis

{¶ 33}  Appellants claim that Regions Bank failed to produce certain documents concerning the denial of their HAMP loan application and that Regions Bank produced other documents including the "letter log" in an untimely fashion. Regions Bank served appellants with supplemental discovery, including the "letter log," on March 1, 2013, after appellants had filed their memorandum in opposition to summary judgment.  In their March 14, 2013 motion to dismiss, appellants request sanctions in the form of an order dismissing the complaint and an award against Regions Bank for all attorney fees incurred by appellants in the litigation.  Appellants did not, however, seek a continuance in order to submit rebuttal evidence.  The trial court determined that Regions Bank complied with its December 20, 2012 discovery order concerning the HAMP documents, and to the extent that its other responses were later supplemented, appellants "made no showing that they were prejudiced by the supplemental document production."  (Trial Court Decision, 3.)

{¶ 34} An appellate court cannot substitute its judgment for that of the trial court when reviewing the trial court's determination of the appropriate sanction.  *Betz* at ¶ 43. Civ.R. 37(B)(2) permits, but does not require, a trial court to impose a sanction for the

violation of a discovery order.[2]  Here, appellants requested the most severe sanction authorized under the civil rules.  Given the evidence presented by Regions Bank in support of its motion for summary judgment on the complaint and the lack of evidence presented by appellants in defense thereof, we cannot say that the trial court abused its discretion by imposing no sanction in this case.  Accordingly, appellants' second assignment of error is overruled.

## V.  CONCLUSION

{¶ 35}  Based upon the foregoing, we hold that the trial court did not err in granting summary judgment in favor of Regions Bank and in denying appellants request for sanctions.  Having overruled appellants' two assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur.

––––––––––––––––––––––

[2] Civ.R. 37(B)(2) states, in relevant part: "If any party * * * fails to obey an order to provide * * * discovery, * * * the court * * * *may make such orders in regard to the failure as are just*." (Emphasis added.)