HORTON, J., concurring.
 

 {¶ 19} I concur with the majority but write separately to explain the greater flaws with Ms. Thomas' affidavit. Nowhere in her affidavit did Thomas assert that the copied documents attached to her affidavit were accurate reproductions of the originals.
 
 [2]
 
 The only letter attached to Thomas' affidavit regarding the Webbs' payment status was not sufficient to provide evidentiary support for Thomas' assertions regarding the payment history of the Webbs or the amounts due. The letter actually demonstrated conflicting information on the topic of late charges. Thomas' affidavit asserted that the Webbs owed no late charges while the letter asserted that they owed $180.13.
 
 Compare
 
 Thomas Aff. at ¶ 8
 
 with
 
 Ex. H to Thomas Aff. Thomas' affidavit also made no attempt to explain the relationship, if any, between Wells Fargo and America's Service Company or why her position as a records custodian for Wells Fargo would have given her knowledge of the business records of America's Service Company.
 

 {¶ 20} In short, Thomas had no independent foundation of personal knowledge from which to testify to the status of the Webbs' payment history or loan status and in attempting to testify to such matters based on her knowledge of Wells Fargo's business records, her affidavit failed to comply with Civ.R. 56(E). She did not attach the records to which she referred in reaching the facts and figures set forth in her affidavit nor did she aver that the records which she did attach were accurate copies of the originals. Her averments as to the default and the amount of principal and interest due were thus not of "evidentiary quality."
 
 Regions Bank v. Seimer,
 
 10th Dist. No. 13AP-542,
 
 2014-Ohio-95
 
 ,
 
 2014 WL 117410
 
 at ¶ 19. As a consequence, HSBC failed to carry its burden to show its entitlement to summary judgment because it failed to present "evidentiary quality"
 

 evidence on more than one necessary element of its foreclosure action.
 

 Id.
 

 ;
 
 Byrd v. Smith
 
 ,
 
 110 Ohio St.3d 24
 
 ,
 
 2006-Ohio-3455
 
 ,
 
 850 N.E.2d 47
 
 , ¶ 10.
 

 {¶ 21} Construing the evidence in the light most favorable to the Webbs, HSBC failed to show that there was no genuine dispute as to any material fact or that the undisputed facts were such as to entitle HSBC to judgment as a matter of law. The affidavit HSBC offered in support of summary judgment did not comply with Civ.R. 56(E) or properly establish a personal knowledge basis for the affiant's sworn statements as to the payment status of the Webbs' debt. Thus, I agree that summary judgment should not have been granted and we must therefore reverse and remand for proceedings consistent with this decision.
 

 Thomas' affidavit asserted that the records attached were "copies of the Promissory Note (Exhibit A) with any applicable endorsements and the Mortgage (Exhibit E) with any applicable Assignments (Exhibit F and G) and the Notice of Default Letter (Exhibit H), and the Loan Modification Agreement (Exhibit B, C and D) redacted solely to protect any private, personal, financial information." (Thomas Aff. at ¶ 10.) That is, she did not explicitly state that the records are
 
 accurate
 
 copies of the originals.