[Cite as *JP Morgan Chase Bank, NA v. Ackerman*, 2013-Ohio-5010.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, NA | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| FREDERIC W. ACKERMAN, ET AL. | : | Case No. 13CA17 |
| | : | |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County
Court of Common Pleas, Case No.
2011-CV-248 D

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    November 7, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

THOMAS WYATT PALMER                BRUCE M. BROYLES
BRAD W. STOLL                          5815 Market Street, Suite 2
Thompson Hine LLP                      Boardman, OH 44512
41 S. High Street, Suite 1700
Columbus, OH 43215

STEPHEN D. WILLIGER
Thompson Hine LLP
127 Public Square
3900 Key Tower
Cleveland, OH 44114

*Baldwin, J.*

{¶1}     Defendants-appellants Frederic and Jill Ackerman appeal from the January 23, 2013 Judgment Entry Foreclosure Decree issued by the Richland County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2}     In August of 2001, appellants Frederic and Jill Ackerman  signed a Home Equity Line of Credit Agreement with Bank One, N.A.  At such time, they signed an open end mortgage with Bank One, N.A. securing the same. The mortgage was filed for record on September 26, 2001.

{¶3}     Subsequently, on February 23, 2011, appellee JP Morgan Chase Bank, N.A., the successor by merger to Bank One, N.A., filed a complaint for money and foreclosure against appellants. Appellants filed an answer to the complaint on March 21, 2011.

{¶4}     A bench trial commenced on October 17, 2012. At the trial, Peter Katsikas, a home lending research officer with appellee JP Morgan Chase Bank, identified a copy of the promissory note for appellants' loan. He testified that both the note and mortgage were on Bank One paper, but that appellee had merged with Bank One on or about July of 2004. Katsikas identified a copy of the agreement to merge the two banks under the title of JP Mortgage Chase Bank and testified that following the merger, Bank One accounts became appellee JP Morgan Chase Bank's records. According to Katsikas, after the merger, appellee received the original note and mortgage relative to appellants' loan from Bank One and also received appellants' payment history. He stated that appellee JP Morgan Chase Bank has held the original

note and mortgage since the merger in 2004 and that they were located in a facility in Monroe, Louisiana. He did not have the original note with him.

{¶5} Katsikas also testified that if appellee JP Morgan Chase Bank was putting a loan into a trust, the trust would go by a different name. When asked what some of those names were, he stated that he believed the trust was known as CCP. According to Katsikas, an acceleration warning letter was sent by Chase Home Finance LLC to appellants in September of 2010. After the letter was sent, appellants did not try to apply for any type of loss mitigation efforts.

{¶6} On cross-examination, Katsikas testified that prior to May of 2011, Chase Home Finance LLC was a separate entity from appellee JP Morgan Chase Bank and was the servicing agent for appellee JP Morgan Chase Bank. He further testified that on or about January 20, 2010, appellants were advised by Chase Home Finance LLC that their loan had been sold to CPCC Delaware Business Trust ("Chase") and that Chase was the new creditor of their loan. The trial court continued the hearing in order to allow appellee to produce the original note in order to demonstrate that it possessed the same.

{¶7} Appellant Frederic Ackerman testified that after he realized that his monthly payments were becoming difficult to make, he called his local branch and was told that refinancing was not an option and that they had to stop making payments before any remedies were available to them. When asked what remedies would be available if they stopped making payments, appellant Frederic Ackerman testified that he was not sure at that moment but that "[i]t appears now that modification was a possibility,…" Transcript at 62. He also testified that the female assistant manager at the

Chase Bank location advised them to stop making payments. The discussions occurred at the end of 2009 or the very beginning of 2010. According to appellant Frederic Ackerman, they continued making payments for another six months or so. On cross-examination, he agreed that appellants stopped making regular monthly payments in 2010 and had not made payment since July of 2010.

{¶8} On November 21, 2012, Frank Dean, a home loan research officer with appellee JP Morgan Chase Bank, testified that he received the original documents regarding appellants' loan and had brought the same to court. He testified that he was able to determine that the documents were original because they contained original ink signatures. He also testified, with respect to the promissory note, that "Chase acknowledges that it is the original document by putting a squiggly mark on the front page." Transcript at 73.

{¶9} On January 23, 2013, a Judgment Entry Foreclosure Decree was filed. Appellants now appeal from the same, raising the following assignments of error on appeal:

{¶10} I. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE COMPLAINT BASED UPON THE LACK OF STANDING AS JPMORGAN CHASE BANK NA DID NOT ESTABLISH THAT IT WAS THE HOLDER OF THE NOTE AT THE TIME THE COMPLAINT WAS FILED.

{¶11} II. THE TRIAL COURT ERRED IN ALLOWING JPMORGAN CHASE BANK, NA TO FORECLOSE UPON APPELLANTS WHEN IT INDUCED APPELLANTS TO DEFAULT ON THE MORTGAGE IN ORDER TO OBTAIN A LOAN MODIFICATION.

I

{¶12}   Appellants, in their first assignment of error, argue that the trial court erred in failing to dismiss the complaint because appellee JP Morgan Chase Bank, NA failed to establish that it was the holder of the note at the time the complaint was filed and, therefore, lacked standing.  We disagree.

{¶13}   " 'Standing to sue is part of the common understanding of what it takes to make a justifiable case.' " *Federal Home Loan Mortg. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012–Ohio–5017, ¶ 21, 979 N.E.2d 1214, quoting *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102, 118 S.Ct. 1003 (1998). In  *. Schwartzwald,*  the Ohio Supreme Court held  that a plaintiff/bank receiving an assignment of a note and mortgage from the real party in interest subsequent to the filing of a foreclosure action, but before the entry of judgment, does not cure a lack of standing to file the foreclosure action. The court held that  the lack of standing could not be cured by a subsequent assignment of the note and mortgage subsequent to filing the complaint. *Id.* at ¶ 38 . In *Schwartzwald,* the record did not establish that the plaintiff/bank was the holder of the note or mortgage at the time the complaint was filed. As such, it "concede[d] that there [wa]s no evidence that it had suffered any injury at the time it commenced th[e] foreclosure action." *Id.* at ¶ 28. "Thus, because it failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court." *Id.*

{¶14}   In the case sub judice, there was undisputed evidence that appellee was the holder of the note and mortgage at the time the foreclosure complaint was filed and, therefore, had standing to file the same.  There was evidence presented that appellants

signed  the note with Bank One and also signed the mortgage granting a security interest to Bank One. There was testimony that appellee and Bank One merged in 2004 and that after the merger, Banc One's accounts became appellee's records. A copy of the merger agreement was admitted as an exhibit at the trial as were documents from the Ohio Secretary of State stating that Bank One had merged with appellee and that Bank One had merged out of existence. In addition, Frank Dean testified that he had received the original documents regarding appellants' loan and had brought the same to court. The documents had been stored in a facility in Louisiana. There was testimony that the note had  remained in appellee's possession since the merger in 2004.

{¶15}   Based on the foregoing, we find that appellee held the note and mortgage by virtue of merger at the time the foreclosure complaint was filed and had standing to foreclose. See *Huntington Natl. Bank v. Hoffer,* 2d Dist. Greene No. 2010–CA–31, 2011–Ohio-242, ¶ 15 ("When an existing bank takes the place of another bank after a merger, no further action is necessary…. Since Sky Bank merged into Huntington, there was nothing else that Huntington needed to do to become the real party in interest in regards to Hoffer's mortgage.").

{¶16}   Appellants' first assignment of error is, therefore, overruled.

II

{¶17}   Appellants, in their second assignment of error, argue that the trial court erred in permitting appellee to foreclose when appellee induced appellants to default on the mortgage in order to obtain a loan modification.  We disagree.

{¶18}   At the trial in this matter, appellant Frederic Ackerman testified that Bart Ingraham from the local branch of Chase Bank told him that refinancing was not an

option and that appellants would have to stop making payments before any remedies were available to them. He further testified that "at that moment", he was not sure what the remedies were but that it "appears now that modification was a possibility,…" Transcript at 62. Appellant Frederic Ackerman also testified that an assistant branch manager told him that they had to stop making payments for three months before anything could be done. There is no evidence in the record that Chase told or induced appellants to default but rather, as noted by appellee, "Chase merely explained the requirements for a loan modification to be considered." Moreover, Peter Katsikas testified that after the default warning letters were sent out in September of 2010, appellants did not try to apply for any type of loss mitigation.

{¶19}   Based on the foregoing, we find that there was no evidence that appellee induced appellants to default on the mortgage in order to obtain a loan modification.

{¶20}   Appellants' second assignment of error is, therefore, overruled.

{¶21}   Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____

HON. CRAIG R. BALDWIN

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

CRB/dr

[Cite as *JP Morgan Chase Bank, NA v. Ackerman*, 2013-Ohio-5010.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, NA | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| FREDERIC W. ACKERMAN, ET AL. | : | |
| | : | |
| Defendants - Appellants | : | CASE NO. 13CA17 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs assessed to appellants.


HON. CRAIG R. BALDWIN


HON. W. SCOTT GWIN


HON. JOHN W. WISE