[Cite as *Aurora Bank FSB v. Stevens*, 2014-Ohio-1713.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Aurora Bank FSB, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| Pandora C. Stevens, | : | No. 13AP-768 |
| | | (C.P.C. No. 12CV-02-2283) |
| Defendant-Appellant, | : | |
| | | (REGULAR CALENDAR) |
| John Doe, Unknown Spouse, if any, of Pandora C. Stevens et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 22, 2014

*Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Mike L. Wiery*, and *Rachel M. Kuhn*, for appellee.

*Duncan Law Group, LLC, Brian K. Duncan*, and *Bryan D. Thomas*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Pandora C. Stevens, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Nationstar Mortgage, LLC. For the reasons that follow, the judgment of the trial court is affirmed.

## I. BACKGROUND

{¶ 2} On June 11, 2002, appellant executed a promissory note in favor of Dominion Homes Financial Services, Ltd. ("Dominion"), in the amount of $188,913. Also

in favor of Dominion, appellant executed a mortgage against property located at 5553 Cedardale Drive, Westerville, Ohio. The mortgage was assigned to National City Mortgage Co. ("National City") on the same day. Thereafter, National City assigned the mortgage to Aurora Bank, FSB ("Aurora") on May 20, 2005.

{¶ 3} On February 21, 2012, Aurora filed a complaint for foreclosure alleging that it is the holder of a promissory note, and, that by reason of default of payment of the note and mortgage securing the same, the debt has been declared due. Aurora alleged it was entitled to $168,824.16, plus interest at the rate of 6.75 percent per annum from May 1, 2010. Appellant filed an answer stating only that she was working with a housing counseling agent to refinance and/or extend the terms of her mortgage loan through mortgage modification. On June 29, 2012, Aurora assigned the mortgage to appellee, and appellee was substituted as plaintiff via entry filed on October 9, 2012.

{¶ 4} After mediation attempts failed, on June 26, 2013, appellee filed a motion for summary judgment seeking judgment on its asserted claims. Appellant filed a memorandum contra arguing genuine issues of material fact remained. Though asserting a conclusory challenge to appellee's motion for summary judgment, appellant provided no specific arguments nor submitted evidence in accordance with Civ.R. 56. On August 5, 2013, the trial court filed a judgment entry granting appellee's motion for summary judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant has appealed the judgment of the trial court and brings two assignments of error for our review:

> [I.] The trial court erred in granting appellee's motion for summary judgment because there were genuine issues of material fact, including but not limited to, whether appellee is a holder in due course, whether appellee violated the Real Estate Settlement Procedures Act, the Ohio Consumer Sales Practices Act, and/or the Fair Debt Collections Practices Act, allocation of payments, doctrine of unclean hands, equitable estoppel, and whether the mortgage was properly executed.
>
> [II.] The trial court erred in granting appellee's motion for summary judgment because appellant was neither afforded a full and fair opportunity to conduct discovery on all factual matters in dispute nor verify the merit of appellee's complaint.

## III. DISCUSSION

### A. Standard of Review

{¶ 6}  We review a summary judgment motion de novo.  *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).  When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination.  *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711.  We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it.  *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 7}  Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.  *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 8}  "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' "  *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).  Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.  *Dresher* at 293.  Rather, the moving party must support its motion by pointing to some evidence of the type set forth

in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.* If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

## B. First Assignment of Error

{¶ 9} In her first assignment of error, appellant contends several genuine issues of material fact remain so as to preclude summary judgment from being awarded in appellee's favor. According to appellant, genuine issues of fact remain regarding whether appellee is a holder in due course, whether appellee violated the Real Estate Settlement Procedures Act, the Ohio Consumer Sales Practices Act, and/or the Fair Debt Collections Practices Act, allocation of payments, doctrine of unclean hands, equitable estoppel, proper execution of the mortgage, bad faith, fraud, and potential counterclaims.

{¶ 10} Though asserting issues of fact remain as to all the above-mentioned matters, the only argument in appellant's brief pertains to whether appellee presented sufficient evidence to establish that it is a holder in due course. In support of its motion for summary judgment, appellee submitted the affidavit of Olivia McAdams who averred that appellee holds the note and is the servicer for the loan. McAdams further averred appellant has defaulted under the terms of the note and mortgage and that the indebtedness has been accelerated. "True and exact copies" of the note and mortgage were attached to the affidavit. (Affidavit, 2.) In foreclosure actions, the affidavit of a loan servicing agent employee with personal knowledge provides sufficient evidentiary support for summary judgment in favor of the mortgagee. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19; *Chase Home Fin., LLC v. Dougherty*, 10th Dist. No. 12AP-546, 2013-Ohio-1464; *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2012-P-0024, 2012-Ohio-5833; *JP Morgan Chase Bank, NA v. Ackerman*, 5th Dist. No. 13CA17, 2013-Ohio-5010.

{¶ 11} In her memorandum contra to appellee's motion for summary judgment, while appellant made the same conclusory assertions as she does on appeal, appellant did not provide any evidence in accordance with Civ.R. 56 to support her position. Civ.R.

56(E) states that when a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon the mere allegations or denials of the pleadings. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87. Instead, the burden shifts to the nonmoving party, and the nonmoving party's response must set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party does not so respond, summary judgment, if appropriate, may be entered against the nonmoving party. *Id.*

{¶ 12} "The language of Civ.R. 56 and our case law do not support the proposition that a party moving for summary judgment has the burden to prove its case *and disprove* the opposing party's case as well." (Emphasis sic.) *Todd Dev. Co.* at ¶ 13. "[T]here is no requirement in the Civil Rules that a moving party must negate the nonmoving party's every possible defense to its motion for summary judgment." *Id.* The nonmoving party may not rest upon the mere allegations and denials in the pleadings but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E).

{¶ 13} Upon review of the record, we find appellee satisfied its burden to demonstrate the absence of genuine issues of material fact, and appellant did not satisfy her reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that a genuine issue of material fact existed for trial. Accordingly, we overrule appellant's first assignment of error.

### C. Second Assignment of Error

{¶ 14} In her second assignment of error, appellant contends it was error for the trial court to grant appellee's motion for summary judgment because she was not afforded a full and fair opportunity to conduct discovery of the factual matters underlying this case.

{¶ 15} This matter had been pending for 16 months prior to appellee filing its motion for summary judgment. After the motion for summary judgment was filed, appellant did not file a Civ.R. 56(F) motion seeking additional time to conduct the discovery she states she needed to respond to the summary judgment motion.

{¶ 16} Civ.R. 56(F) provides that "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated" in an affidavit "present * * * facts essential to justify the party's opposition, the

court" either "may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." When a nonmoving party to a summary judgment motion needs additional time to respond, he or she may seek a continuance to obtain additional discovery. *Steele v. Mara Ents.*, 10th Dist. No. 09AP-102, 2009-Ohio-5716, ¶ 30, citing *Benjamin v. Deffet Rentals, Inc.*, 66 Ohio St.2d 86, 92 (1981). "If, however, a party fails to avail itself of the provision of Civ.R. 56(F), summary judgment appropriately is granted to the moving party." *Id.* at ¶ 30, citing *Benjamin*.

{¶ 17} According to the record, appellant did not serve appellee with any discovery requests. Additionally, while filing a response to appellee's motion for summary judgment, appellant did not invoke the procedures of Civ.R. 56(F). Thus, it appears from the record that there was ample time for appellant to conduct discovery, but she chose not to do so. Because appellant had the opportunity to conduct discovery and did not avail herself to the procedures of Civ.R. 56(F), we find no merit to her argument that she was not afforded a full and fair opportunity to conduct discovery. Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 18} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.

_____