[Cite as *Fifth Third Mtge. Co. v. Salahuddin*, 2014-Ohio-3304.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fifth Third Mortgage Company, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-945 |
| v. | : | (C.P.C. No. 12CV-015290) |
| Ameena C. Salahuddin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on July 29, 2014

*Graydon Head & Ritchey LLP*, and *Jeffrey M. Hendricks*, for appellee.

*Ameena C. Salahuddin*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Ameena C. Salahuddin, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Fifth Third Mortgage Company. For the reasons that follow, the judgment of the trial court is affirmed.

## I. BACKGROUND

{¶ 2} The property at issue in this appeal is located at 2743 Mellowbrook Street in Columbus, Ohio ("the property"). In May 2005, appellant executed a promissory note ("the note") in favor of appellee in the amount of $75,000. To secure payment of the note, appellant also executed a mortgage ("the mortgage") on the property to appellee.

{¶ 3}   In December 2012, appellee filed a complaint for foreclosure asserting that it is the holder of a promissory note, appellant was in default of the terms and conditions of the note, and the debt has been declared due.  The complaint sought judgment for the outstanding balance and accrued interest due under the note, along with foreclosure of the mortgage and sale of the property.  Appellant filed an answer generally denying the allegations in the complaint.

{¶ 4}   On May 21, 2013, appellee moved for summary judgment seeking judgment on its asserted claims.  Appellant did not file a response to appellee's motion, and on June 12, 2013, the trial court rendered a decision granting the motion for summary judgment and instructing appellee's counsel to submit a judgment entry.  Two days later, appellant filed a request for mediation, which the trial court granted.  In the entry granting appellant's mediation request, the trial court stated that, despite its decision granting appellee's motion for summary judgment, because final judgment had not yet been entered, "[i]n the interest of justice, the Court will GRANT her request."  (Emphasis sic.)  (July 10, 2013 Entry, 1.)  The court also stated, "[s]hould the Project report that this action was not settled through the mediation process, the Court will then execute the proposed judgment entry that has been submitted by [appellee]."  (July 10, 2013 Entry, 2.)

{¶ 5}   A mediation report filed on September 17, 2013 indicated that the matter was not resolved in mediation and that the case should be returned to the court's active docket.  The following day, appellant filed a motion for leave to amend her answer to the complaint and a motion requesting an additional 45 days to file a response to appellee's motion for summary judgment.  The trial court noted though the Ohio Rules of Civil Procedure permit untimely filings upon motion where the failure to act was the result of excusable neglect, the only cause set forth by appellant was her pro se status and lack of experience with litigation.  Finding pro se status alone was insufficient to demonstrate excusable neglect and form a basis allowing the untimely filings, the trial court denied appellant's motions on October 10, 2013.

{¶ 6}   Also on October 10, 2013, the trial court issued judgment against appellant and in favor of appellee on its claims for judgment on the note and foreclosure of the

mortgage. Approximately three and one-half weeks later, appellant filed a memorandum in opposition to appellee's motion for summary judgment and a motion to show cause.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant timely appealed from the judgment of the trial court granting summary judgment in favor of appellee and brings two assignments of error for our review:

> [I.] TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT, INCLUDING BUT NOT LIMITED TO, WHETHER PLAINTIFF-APPELLEE IS A HOLDER IN DUE COURSE, WHETHER PLAINTIFF VIOLATED THE REAL ESTATE SETTLEMENT PROCEDURES ACT, THE OHIO CONSUMER SALES PRACTICES ACT, ALLOCATION OF PAYMENTS, DOCTRINE OF UNCLE[A]N HANDS, EQUITABLE ESTOPPEL, AND WHETHER THE MORTGAGE WAS PROPERLY EXECUTED.

> [II.] TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE DEFENDANT-APPELLANT WAS NEITHER AFFORDED A FULL AND FAIR OPPORTUNITY TO CONDUCT DISCOVERY ON ALL FACTUAL MATTERS IN DISPUTE NOR VERIFY THE MERIT OF PLAINTIFF-APPELLEE'S COMPLAINT.

## III. DISCUSSION

### A. Standard of Review

{¶ 8} We review a summary judgment motion de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993). When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 9}   Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 10}   "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' "  *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).  Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.  *Dresher* at 293.  Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.  *Id.*  If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."  *Id.*

## B.  First Assignment of Error

{¶ 11} In her first assignment of error, appellant contends summary judgment was inappropriate in this case because several genuine issues of material fact remain. Specifically, appellant asserts genuine issues of fact remain regarding whether appellee is a holder in due course, whether appellee violated the Real Estate Settlement Procedures

Act, the Ohio Consumer Sales Practices Act, and/or the Fair Debt Collections Practices Act, allocation of payments, doctrine of unclean hands, equitable estoppel, proper execution of the mortgage, bad faith, fraud, and potential counterclaims. (Appellant's Brief, 5.)

{¶ 12} Despite the assertion that issues of fact remain as to all the above-mentioned matters, the argument in appellant's brief is primarily limited to two assertions: (1) that appellant met her reciprocal burden under Civ.R. 56 by submitting evidence consisting of two letters she received from appellee, and (2) that the evidence in the record is insufficient to establish that appellee is a holder in due course and has standing to bring this action. We will address each of these arguments in turn.

{¶ 13} With respect to the documents appellant argues create a genuine issue of material fact, we note that this evidence was submitted on November 5, 2013, three and one-half weeks *after* the trial court issued its final judgment in this case. Appellate review is limited to the record as it existed at the time the trial court rendered judgment. *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 15; *Leiby v. Univ. of Akron*, 10th Dist. No. 05AP-1281, 2006-Ohio-2831, ¶ 7; *Waterford Tower Condominium Assn. v. TransAmerica Real Estate Group*, 10th Dist. No. 05AP-593, 2006-Ohio-508, ¶ 13; *Bank of New York v. Bartmas*, 10th Dist. No. 04AP-1011, 2005-Ohio-6099, ¶ 9. "Pursuant to long-standing precedent, '[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Paasewe* at ¶ 15, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Similarly, a reviewing court cannot consider evidence that a party added to the trial court record after that court's judgment and then decide an appeal from the judgment based on the new evidence. *Id.*; *Leiby*; *Bartmas*. Both prohibitions arise from the maxim that " '[i]n an appeal on questions of law the reviewing court may consider only that which was considered by the trial court and nothing more.' " *Ishmail* at 405, quoting *Bennett v. Dayton Mem. Park & Cemetery Assn.*, 88 Ohio App. 98 (2d Dist.1950), paragraph one of the syllabus.

{¶ 14} Because the evidence relied upon by appellant was filed after the trial court entered judgment, we cannot consider it in reviewing that judgment.

{¶ 15} Regarding appellant's argument pertaining to standing, in *Wells Fargo Bank, N.A. v. Odita*, 10th Dist. No. 13AP-663, 2014-Ohio-2540, this court recently stated that a party seeking summary judgment in a foreclosure action must demonstrate that it was entitled to enforce the note and had an interest in the mortgage on the date the complaint in foreclosure was filed. *Id.* at ¶ 9. Such proof may be provided after the filing of the complaint. *Id.* In this case, appellee filed a copy of the note and the mortgage with its complaint. The note was executed in favor of appellee, and appellee was listed as the lender on the mortgage. Additionally, with its motion for summary judgment, appellee submitted the affidavit of its loan servicer, Chris Roscoe, who averred that appellee has been in possession of the original note since its origination and that appellant is in default under the terms of the note and mortgage due to a failure to make the required payments. In foreclosure actions, the affidavit of a loan servicing agent employee with personal knowledge provides sufficient evidentiary support for summary judgment in favor of the mortgagee. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19; *Chase Home Fin., LLC v. Dougherty*, 10th Dist. No. 12AP-546, 2013-Ohio-1464; *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2012-P-0024, 2012-Ohio-5833; *JP Morgan Chase Bank, NA v. Ackerman*, 5th Dist. No. 13CA17, 2013-Ohio-5010. Based on this evidence, we conclude appellee established that it was entitled to enforce the note at the time the complaint in foreclosure was filed.

{¶ 16} Though appellant argues the record contains genuine issues of material fact, appellant did not provide or direct the trial court to any evidence in accordance with Civ.R. 56 to establish the same. Civ.R. 56(E) states that, when a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon the mere allegations and denials in the pleadings but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); *Aurora Bank FSB v. Stevens*, 10th Dist. No. 13AP-768, 2014-Ohio-1713. After review of the record, we find appellee satisfied its burden to demonstrate the absence of genuine issues of material fact, but appellant did not satisfy her reciprocal burden under Civ.R. 56(E) and establish that genuine issues of material fact existed for trial.

{¶ 17} For all of the foregoing reasons, we find no error in the trial court's decision granting summary judgment in favor of appellee. Having so found, we overrule appellant's first assignment of error.

### C. Second Assignment of Error

{¶ 18} In her second assignment of error, appellant contends she was denied a full and fair opportunity to conduct discovery on disputed factual matters and to verify the merits of appellant's complaint. In support, appellant cites to Civ.R. 56(F), which provides that, "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had." Civ.R. 56(F) allows a party the opportunity to request additional time to obtain through discovery the facts necessary to adequately oppose a motion for summary judgment. *Carolina Tobacco Co. v. Petro*, 10th Dist. No. 04AP-1125, 2006-Ohio-1205. "If, however, a party fails to avail itself of the provision of Civ.R. 56(F), summary judgment appropriately is granted to the moving party." *Steele v. Mara Ents., Inc.*, 10th Dist. No. 09AP-102, 2009-Ohio-5716, ¶ 30, citing *Benjamin v. Deffet Rentals, Inc.*, 66 Ohio St.2d 86, 92 (1981). A party who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve his rights under the rules on appeal. *Jackson v. Walker*, 9th Dist. No. 22996, 2006-Ohio-4351, ¶ 17, citing *R&R Plastics, Inc. v. F.E. Myers Co.*, 92 Ohio App.3d 789 (6th Dist.1993).

{¶ 19} Here, appellee filed its motion for summary judgment on May 21, 2013. Appellant did not file a response to appellee's motion. Instead, after the trial court granted appellee's summary judgment motion, appellant requested that the matter be submitted to mediation. Following the September 18, 2013 mediation report indicating that the matter had not been resolved, appellant filed a motion for an extension of time to respond to appellee's motion for summary judgment. However, appellant did not file a Civ.R. 56(F) motion seeking additional time to conduct the discovery she now contends she needed to respond to the summary judgment motion. Instead, appellant filed a motion seeking an additional 45 days in which "to respond to the motion and confer with an attorney." (Sept. 18, 2013 Motion, 1.)

{¶ 20} Not only is the motion filed by appellant not expressly contemplated under the civil rules, even construed as a Civ.R. 56(F) motion, said rule required appellant to submit an affidavit stating the reasons justifying an extension. *Cook v. Toledo Hosp.*, 169 Ohio App.3d 180, 2006-Ohio-5278 (6th Dist.); *Castrataro v. Urban, M.D.*, 10th Dist. No. 03AP-128, 2003-Ohio-4705. Here, the only reason appellant provided for additional time was to consult with an attorney, even though at this time, the matter had been pending for ten months, the parties had gone through mediation, and a decision granting summary judgment in favor of appellee had already been rendered. Moreover, though setting forth her reason for seeking the time extension, appellant did not file an affidavit. Under Civ.R. 56(F), appellant's motion fails on that basis alone. *O'Brien v. Sutherland Bldg. Prods.*, 10th Dist. No. 93AP-948 (Mar. 24, 1994), citing *Grange Mut. Cas. Co. v. State Auto Mut. Ins. Co.*, 13 Ohio App.3d 217 (1st Dist.1983).

{¶ 21} It appears from the record that there was ample time for appellant to conduct discovery, but she chose not to do so. Because appellant had the opportunity to conduct discovery and did not avail herself to the procedures of Civ.R. 56(F), we find no merit to her argument that she was not afforded a full and fair opportunity to conduct discovery. Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 22} Having overruled both of appellant's assignments of error in their entirety, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and O'GRADY, JJ., concur.

_____