[Cite as *Parsons v. Bishop*, 2022-Ohio-3997.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

John Parsons,                                     :

      Plaintiff-Appellant,            :

                                             No. 22AP-266
v.                                                :            (C.P.C. No. 19CV-9329)

Alan M. Bishop,                                   :            (ACCELERATED CALENDAR)

      Defendant-Appellee.            :

---

D E C I S I O N

Rendered on November 8, 2022

---

**On brief:** *The Keating Firm, LTD, Bradley D. Keating*, and *Ian J. Stegmaier*, for appellant.

**On brief:** *Joel S. McPherson*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, John Parsons, appeals from a decision and entry granting summary judgment in favor of defendant-appellee, Alan M. Bishop. For the following reasons, we affirm.

{¶ 2} On November 20, 2019, appellant filed a complaint alleging that on November 7, 2017, he sustained bodily injuries as the result of a motor vehicle collision caused by appellee's negligence. Appellant further alleged that appellee's absence from the state of Ohio tolled the statute of limitations for at least 13 days, making his complaint timely under R.C. 2305.15(A). Appellee subsequently filed an answer denying all material allegations and asserting, among other affirmative defenses, that appellant's complaint was barred by the applicable statute of limitations.

{¶ 3}   Appellee filed a motion to dismiss on March 9, 2020, asserting that appellant's complaint was not filed within the two-year limitations period of R.C. 2305.10(A).  Appellant attached to his motion his affidavit attesting that between November 7, 2017 and November 7, 2019, he was outside the state of Ohio less than 13 days.  On April 17, 2020, appellant filed a memorandum contra, arguing that the two-year statute of limitations was tolled pursuant to R.C. 2305.15(A) as a result of the time appellee spent outside Ohio.  Appellant requested that the trial court refrain from ruling on the motion to dismiss until he had the opportunity to conduct necessary discovery to support his tolling argument.  Specifically, appellant asserted that because the fact of appellee's absence from the state was exclusively within appellee's knowledge, he could not properly impeach or contradict appellee's affidavit without deposing him.  Appellant averred that he "expects that the need for critical discovery requests will arise only after acquiring the facts from [appellee] at his deposition pursuant to [Civ.R.] 56(F)."  Appellant further averred that he "had not been afforded the opportunity to take such depositions to date."  (Apr. 17, 2020 Memo in Opp. to Def.'s Mot. Dismiss at 1, 3.)

{¶ 4}   On November 6, 2020, the parties filed a joint motion to continue the November 17, 2020 final pre-trial conference and December 14, 2020 trial dates "to allow for depositions to respond to the pending Motion to Dismiss."  (Nov. 6, 2020 Agreed Mot. to Continue Settlement Pretrial and Trial Date at 1.)  On November 16, 2020, the trial court granted the motion and amended the case schedule to reflect April 20, 2021 and May 3, 2021 as the new dates for final pre-trial conference and trial, respectively.

{¶ 5}   On February 18, 2021, appellee filed a reply to appellant's April 17, 2020 memorandum contra, averring that appellant deposed appellee on December 4, 2020 and that appellee testified that he was not out of the state of Ohio for 13 days in the two years following the automobile accident.[1]  Appellee further asserted that because appellant had failed to provide any evidence demonstrating that the applicable two-year statute of limitations was tolled pursuant to R.C. 2305.15, the trial court should dismiss appellant's complaint with prejudice.

---

[1] In their briefing, both parties aver that appellee was deposed on December 4, 2020 and that he testified that he was not out of the state of Ohio for more 13 days in the 2-year period following the accident. However, the trial court record contains neither a Civ.R. 30(A) notice of deposition nor a transcript of the December 4, 2020 deposition.

{¶ 6}   In accordance with the amended case schedule, appellant and appellee filed their final pre-trial statements on April 6 and 7, 2021, respectively.   In his statement, appellee noted that his motion to dismiss remained pending and that appellant had yet to provide any evidence that the statute of limitations was tolled.   On April 29, 2021, the trial court sua sponte amended the case schedule, setting the final pre-trial conference for November 18, 2021 and trial for December 6, 2021.

{¶ 7}   On June 29, 2021, the trial court sua sponte issued an order converting appellee's motion to dismiss into a motion for summary judgment.   In so doing, the court construed appellee's motion to dismiss as one under Civ.R. 12(B)(6), noted that Civ.R. 12(B)(6) precludes consideration of any evidentiary materials outside of the complaint, and that appellee had presented evidence (his affidavit) outside the complaint to support his motion to dismiss.   The trial court granted appellee 28 days to submit any supplemental briefing and Civ.R. 56 evidence in support of summary judgment.   The court granted appellant an additional 28 days to file his memorandum in opposition.

{¶ 8}   Thereafter, on July 14, 2021, appellee filed a notice stating that he did not intend to submit any supplemental material beyond the affidavit he submitted in support of his motion to dismiss.   Appellant did not file any supplemental briefing or evidence in response to the trial court's conversion order or appellee's July 14, 2021 filing.

{¶ 9}   On October 25, 2021, the parties filed a joint motion to continue the December 6, 2021 trial date.   Noting the pending motion for summary judgment, the parties averred that a ruling on the motion may render trial of the matter unnecessary, or, alternatively, the unsuccessful party would need time to determine how to proceed, which could affect the trial date.   On November 16, 2021, the trial court granted the motion and amended the case schedule to reflect May 5, 2022 and May 16, 2022 as the new dates for final pre-trial conference and trial, respectively.

{¶ 10} On March 31, 2022, the trial court issued a "Decision and Entry Granting Defendant's Motion to Dismiss, Filed March 9, 2020."   The first sentence of the decision states that "[t]his matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint which the Court converted into a Motion for Summary Judgment." (Mar. 31, 2022 Decision & Entry at 1.)   Citing the Civ.R. 56 summary judgment standard, the

applicable statute of limitations, R.C. 2305.10(A), and the tolling statute, R.C. 2305.15(A), the trial court concluded:

> Here, Plaintiff's Complaint alleges that the accident occurred on November 7, 2017. Plaintiff filed this case on November 20, 2019, more than two years after the date of the accident. There is no evidence before the Court that the tolling provisions of R.C. 2305.15 apply such that this matter can be considered timely filed. Accordingly, the Court finds that this case is barred by the statute of limitations, and Defendant's Motion is hereby **GRANTED.**

(Decision & Entry at 3.)

{¶ 11} Appellant timely appealed the trial court's judgment.

{¶ 12} As an initial matter, we note that appellant has failed to set forth an assignment of error. Pursuant to App.R. 12(A)(1)(b), appellate courts must "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." Thus, generally, appellate courts will rule only on assignments of error, not mere arguments. *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 15, citing *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70. Although appellant's failure to set forth an assignment of error would justify striking the brief and, unless leave was granted to correct the deficiency, dismissing the appeal, we instead elect to dispose of the appeal on the merits of what we conclude to be the implied assignment of error manifested in the argument set forth in the brief, i.e., that the trial court erred in granting summary judgment to appellee because appellant "has not been given sufficient time to discover necessary facts to rebut the motion for summary judgment." (Appellant's Brief at 2.) More specifically, appellant contends that "[t]here has not been sufficient time to discover facts necessary to rebut the claim that Appellee Bishop had not left the state of Ohio for more than thirteen days. To date, the only evidence entered is the deposition of Appellee Bishop. In this deposition, he stated he did not leave Ohio for more than thirteen days, however, the Appellant has not been given an opportunity to substantiate or refute that claim."[2] *Id.* at 3.

---

[2] Again, we note that the trial court record contains neither a Civ.R. 30(A) notice of deposition nor a transcript of the December 4, 2020 deposition.

{¶ 13} Here, after properly converting appellee's motion to dismiss to one for summary judgment, the trial court concluded that appellee's claim was barred by the statute of limitations and that appellant failed to provide any evidence that the tolling provisions of R.C. 2305.15 applied such that appellant's complaint could be considered timely filed. On this basis, the trial court granted summary judgment for appellee.

{¶ 14} This court reviews the trial court's granting of summary judgment de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993). When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103 (10th Dist.1992); *Brown* at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 15} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admission, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 16} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988). Thus, the moving party may not fulfill its initial burden simply by

making a conclusory assertion that the nonmoving party has no evidence to prove its case. *Dresher* at 293. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support its claims. *Id.* If the moving party fails to meet its initial burden, summary judgment is inappropriate; however, if the moving party satisfies its initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

{¶ 17} Appellant alleged in his complaint that the automobile accident causing his bodily injuries occurred on November 7, 2017. Appellant does not dispute that the statute of limitations for an action for bodily injury is two years. R.C. 2305.10. Thus, appellant normally would have had to assert his claim, at the latest, by November 7, 2019. Appellant did not file his complaint until November 20, 2019, 13 days beyond the two-year statute of limitations. Nevertheless, appellant claims that appellee's absence from the state of Ohio tolled the statute of limitations for at least 13 days, making his complaint timely under R.C. 2305.15. R.C. 2305.15(A) provides in part:

> When a cause of action accrues against a person, if the person is out of the state * * * the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14 * * * of the Revised Code does not begin to run until the person comes into the state * * *.

{¶ 18} A determination of the applicability of R.C. 2305.15(A) requires facts concerning the circumstances of appellee's presence and absence from Ohio. *Kelley v. Stauffer*, 10th Dist. No. 10AP-235, 2010-Ohio-4522, ¶ 13, citing *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, ¶ 23. Here, appellant's complaint alleged facts that would support the application of R.C. 2305.15(A). However, appellee presented affidavit testimony refuting those allegations in support of his motion for summary judgment. As appellee satisfied its initial burden under Civ.R. 56(C), appellant had a reciprocal burden to set forth specific facts demonstrating a genuine issue for trial. Appellant never provided any evidence to support his tolling claim.

{¶ 19} To the extent appellant relies on Civ.R. 56(F) to support his contention that he was denied the opportunity to conduct discovery to dispute appellee's claim that he was not outside the state for more than 13 days, we note that Civ.R. 56(F) provides that "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." "Civ.R. 56(F) allows a party the opportunity to request additional time to obtain through discovery the facts necessary to adequately oppose a motion for summary judgment." *Fifth Third Mtge. Co. v. Salahuddin*, 10th Dist. No. 13AP-945, 2014-Ohio-3304, ¶ 18, citing *Carolina Tobacco Co. v. Petro*, 10th Dist. No. 04AP-1125, 2006-Ohio-1205. " 'If, however, a party fails to avail itself of the provision of Civ.R. 56(F), summary judgment appropriately is granted to the moving party.' " *Id.*, quoting *Steele v. Mara Ents., Inc.*, 10th Dist. No. 09AP-102, 2009-Ohio-5716, ¶ 30, citing *Benjamin v. Deffet Rentals, Inc.*, 66 Ohio St.2d 86, 92 (1981). "A party who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve his rights under the rules on appeal." *Id.*, citing *Jackson v. Walker*, 9th Dist. No. 22996, 2006-Ohio-4351, ¶ 17, citing *R&R Plastics, Inc. v. F.E. Myers Co.*, 92 Ohio App.3d 789 (6th Dist.1993).

{¶ 20} Appellee filed his motion to dismiss on March 9, 2020 supported by his affidavit refuting the tolling claim appellant asserted in his complaint. In his April 17, 2020 response, appellant, alluding to Civ.R. 56(F), requested that the trial court refrain from ruling on the motion until he could conduct necessary discovery, i.e, depose appellee, to refute appellee's affidavit testimony. Seven months later, on November 16, 2021, the trial court granted the parties' joint November 6, 2021 motion requesting a continuance to allow for depositions to occur. Three months later, on February 18, 2021, appellee asserted in a filing that appellant had deposed him on December 4, 2020, and that his testimony echoed that provided in the affidavit he filed with his motion to dismiss.[3] Four months later, on June 29, 2021, the trial court converted appellee's motion to dismiss to one for summary judgment, granted appellee 28 days to file supplemental briefing and Civ.R. 56 evidence,

---

[3] We again note that the trial court record contains neither a Civ.R. 30(A) notice of deposition nor a transcript of the December 4, 2020 deposition.

and granted appellant 28 days to respond to any supplemental briefing and evidence provided by appellee. Within the 28-day period prescribed by the trial court, appellee on July 14, 2021 provided notice that he would not file any supplemental evidence beyond his previously filed affidavit. Appellant filed nothing in response. Three months after appellee's filing, the parties on October 25, 2021 filed a joint motion to continue the trial set for December 6, 2021. Although the motion mentions the pending summary judgment motion, it does not expressly discuss discovery issues or Civ.R. 56(F). The trial court granted the motion on November 16, 2021. The trial court record reveals no further filings by either party prior to the trial court's March 31, 2022 judgment granting summary judgment to appellee.

{¶ 21} A review of the record reveals that appellant never filed a formal Civ.R. 56(F) motion seeking additional time to conduct the discovery he now contends he needed to respond to the summary judgment motion. Instead, appellant filed a motion to continue the trial date. Even construed as a Civ.R. 56(F) motion, said rule required appellant to submit an affidavit stating the reasons justifying an extension. *Salahuddin*, 10th Dist. No. 13AP-945, 2014-Ohio-3304, ¶ 20, citing *Cook v. Toledo Hosp.,* 169 Ohio App.3d 180, 2006-Ohio-5278 (6th Dist.), and *Castrataro v. Urban, M.D.*, 10th Dist. No. 03AP-128, 2003-Ohio-4705. In the motion to continue the trial date, appellant alluded to the pending motion for summary judgment, but did not specifically request additional time to conduct discovery. Moreover, even had appellant done so, he did not file an affidavit. Under Civ.R. 56(F), the motion to continue failed on that basis alone. *Id.*, citing *O'Brien v. Sutherland Bldg. Prods.*, 10th Dist. No. 93AP-948 (Mar. 24, 1994), citing *Grange Mut. Cas. Co. v. State Auto Mut. Ins. Co.*, 13 Ohio App.3d 217 (1st Dist.1983).

{¶ 22} It appears from the record that appellant had ample time to conduct discovery. Appellant was aware of appellee's affidavit testimony rebutting his tolling claim as early as March 9, 2020. After the trial court granted appellant additional time to conduct discovery, he allegedly deposed appellee on December 4, 2020. When the trial converted appellee's motion to dismiss to one for summary judgment, it afforded both parties additional time to file evidence in support of their positions. Appellant filed nothing to rebut appellee's evidence. The trial court did not grant summary judgment for appellee until March 31, 2022, more than two years after appellee first provided evidence

challenging appellant's tolling claim. Because appellant had the opportunity to conduct discovery and did not avail himself of the procedures in Civ.R. 56(F), we find no merit to his argument that he was not afforded the opportunity to conduct discovery. Accordingly, we overrule appellant's implied assignment of error.

{¶ 23} Having overruled appellant's sole assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.

———————————